UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GREGORY M. GUST,

        Debtor.

_____/

MACATAWA BANK,

        Plaintiff,

v.

GREGORY M. GUST,

        Defendant.

_____/

Case No. 10-03952-swd
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 10-80440

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

The court entered a money judgment in favor of plaintiff Macatawa Bank and against debtor-defendant Gregory M. Gust, by consent, on July 20, 2010 (ECF No. 5, the "Judgment"). Since then, the court has assisted the Plaintiff in enforcing and renewing the Judgment, generally using forms borrowed from Michigan's post-judgment practice as our rules contemplate. *See* Fed. R. Bankr. P. 7069 (adopting Fed. R. Civ. P. 69).

The process of collecting a federal judgment using state forms, however, is procedurally awkward and the courts have occasionally struggled, if not stumbled, in post-judgment collection matters. It is fair to say, as the court has previously suggested, that the state courts are better equipped to conduct post-judgment proceedings. *See In re Snorden*, 559 B.R. 857, 863 (Bankr. W.D. Mich. 2016); *Meoli v. Christian (In re Buchner)*, Adv. Pro. No. 11-80110, 2015 WL 1869452 (Bankr. W.D. Mich. April 22, 2015).

Some of the difficulties are formal. For example, the court is loath to issue process with a caption listing the State of Michigan as the issuing authority or bearing the seal of that sovereign. Some forms do not lend themselves to signing using the court's e-Order program.

Some difficulties, on the other hand, reflect deeper concerns, as in *Buchner* where the court declined to require a sheriff to serve a writ of execution. *Id.*; *cf. Printz v. United States,* 521 U.S.

898, 933 (1997) ("The Federal Government may not compel the States to enact or administer a federal regulatory program.").

Here, in an effort to collect the Judgment in this case, Plaintiff recently submitted a modified State Court Form "MC 11 (3/15), SUBPOENA, Order to Appear and/or Produce" (ECF No. 63, the "Form MC 11"). The court's concern with this submission is two-fold.

First, the proposed order attached to Form MC 11 suggests, to some extent, that it is issued from the State of Michigan and bears the State Seal. Although the document includes the correct case numbers and court address, there is some possibility of confusion.

Second, and more substantively, the proposed order purports to direct the judgment debtor to appear in court (at 1 Division Ave North, in Grand Rapids) "at the time and place stated below," and to "testify as to your assets," but fails to specify the date and time.

The court is willing to lend its offices to the collection of the Judgment, as contemplated in Fed. R. Civ. P. 69, but not willing to sign the proposed order included as part of Form MC 11 for the reasons just stated.

Finally, the court reiterates its suggestion in *Buchner* and *Snorden* that federal judgment creditors, including the Plaintiff, consider domesticating their federal judgments under the Uniform Enforcement of Foreign Judgments Act, M.C.L. § 691.1171 *et seq*. This approach likely promises less confusion and faster relief.

NOW, THEREFORE, IT IS HEREBY ORDERED that the relief requested as part of the proposed order included with Form MC 11 (ECF No. 63) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon David E. Bevins, Esq., and Gregory M. Gust (by first class mail addressed to him at 626 Cambridge Dr., Norton Shores, MI 49441).

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 6, 2023**



Scott W. Dales
United States Bankruptcy Judge